IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-72-FL

| | | |
|---|---|---|
| ELIZABETH MAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on cross-motions for judgment on the pleadings. (DE 16, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. (DE 24). Plaintiff timely objected to the M&R, (DE 25), and defendant made no response. Therefore, the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation in the M&R and remands to defendant for further proceedings.

## BACKGROUND

Plaintiff applied for disability benefits May 22, 2012, alleging disability beginning January 1, 2009. The application was denied both initially and upon reconsideration. Thereafter, plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held June 16, 2014, denied plaintiff's claims October 3, 2014. Following the ALJ's denial of her application, plaintiff timely requested review before the Appeals Council. The Appeals Council denied

plaintiff's request for review March 15, 2016, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court seeking judicial review.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 22, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, depression, anxiety, and a cognitive disorder. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in the regulations. See 20 C.F.R. § 404, Subpt. P, App.1.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, with the following limitations: cannot work around concentrated exposure to hazards; can perform simple, routine, repetitive tasks; should avoid performing production-based work and work requiring quotas. At step four, the ALJ concluded plaintiff was unable to perform her past relevant work as a sales person and department manager. At step five, the ALJ determined that jobs exist in the national economy in significant numbers that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

Plaintiff argues that the record before the ALJ was inadequate to determine whether plaintiff is disabled and that the ALJ should have ordered an orthopedic consultative examination to ascertain updated information about plaintiff's degenerative disc disease and other medical impairments.

"[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). If after considering the evidence of record, defendant finds that the available evidence is inadequate to

4

determine whether a claimant is disabled, defendant may "recontact [claimant's] medical source[,]" "request additional existing evidence[,]" conduct "a consultative examination at [defendant's] expense[,]" or "ask [claimant] or others for more information." 20 C.F.R. § 404.1520b. The regulations provide that a consultative examination may be required when there exists "an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [a claimant's] claim." 20 C.F.R. § 416.919a(b). Cases that may require a consultative examination include situations where "evidence needed is not contained in records of a claimant's medical sources[,]" "highly technical or specialized medical evidence that [defendant] need[s] is not available from [claimant's] treating sources[,]" or where "[t]here is an indication of a change in [claimant's] condition that is likely to affect [claimant's] ability to work . . . but the current severity of [claimant's] impairment is not established." Id.

In the instant matter, multiple sources of evidence indicate that the severity of plaintiff's medical condition and the extent of limitations therefrom was unknown when the ALJ decided her claim. First, in response to her complaints of pain and numbness in the left leg, Dr. John Moss ("Moss") examined plaintiff on February 9, 2009, and, upon observing that plaintiff showed weakness in the left ankle that was not present in prior examinations, concluded that "[plaintiff] is showing progressive changes and we need to find out what the cause is." (DE 12 at 236). Following this assessment, plaintiff underwent an MRI, which revealed "a large disc herniation . . . with a marked degree of central stenosis." (Id. at 235). Although Moss prescribed "conservative treatment" so long as plaintiff's neurological condition was not progressively worsening, Moss never assessed whether plaintiff's symptoms were likely to remain at levels of severity observed in 2009, and he referred plaintiff to a spinal specialist for a follow-up evaluation, which evaluation

5

never took place due to plaintiff's lack of funds. (Id. at 235 (Moss's assessment), 280 (noting plaintiff's financial difficulties)). Therefore, Moss's notes give no basis to assess plaintiff's spinal condition in 2014, where, by their own terms, Moss's notes describe "progressive changes" in plaintiff's condition and where Moss's treatment plan prescribes ongoing monitoring while disclosing caution that plaintiff's condition could deteriorate. (See id. at 235–36).

Second, later-generated evidence indicates that plaintiff's spinal ailments, in fact, worsened. Specifically, on August 14, 2012, plaintiff's subjective report of pain increased from seven to eight out of ten and plaintiff began to report suffering falls. (Id. at 326). Moreover, January 1, 2013, Nurse Practitioner Darlene Kocich elevated plaintiff's prescription regimen to include Nerontin, a pain medication used to treat neuropathic pain. (Id. at 346). These developments constitute the full domain of medical evidence considered by the ALJ in assessing plaintiff's neurological condition and symptoms of pain. (See id. at 20–24). Therefore, where as set forth above, Moss's evaluations in 2009 support no extrapolation concerning plaintiff's neurological condition in 2014, and where the record of plaintiff's prescription regimen and subjective complaints of pain disclose, if anything, symptoms of increasing severity, the evidence before the ALJ was inadequate to adjudicate plaintiff's spinal condition as of June 2014. Accordingly, the ALJ did not "explore all relevant facts and inquire into issues necessary for adequate development of the record[.]" See Cook, 783 F.2d at 1173. For this reason, remand is necessary so that defendant fully may develop the record pertaining to plaintiff's current neurological condition and symptoms of pain. See id.

Defendant argues, and the magistrate judge agreed, that further development of the record is not necessary on grounds, first, that evidence generated by Moss constitutes a sufficient basis for decision where Moss concluded on February 9, 2009, that a conservative approach to treatment was

6

appropriate so long as plaintiff's symptoms were not progressively worsening. (See DE 12 at 235). However, this conclusion, by its own terms, supports no extrapolation concerning plaintiff's condition in 2014, where Moss concluded that a conservative approach to treatment was appropriate "as long as [plaintiff] is not progressively worsening." (Id. (emphasis added)). As set forth above, the foregoing quote amounts to a conditional statement that, if plaintiff's condition remains stable, a conservative approach to treatment is appropriate. It does not, however, constitute a prediction or diagnosis that plaintiff's condition would remain stable through 2014. Further, in light of Moss's decision to schedule follow-up examinations and considering his earlier observation that "plaintiff is showing progressive changes[,]" (id. at 236), the ALJ's conclusion that plaintiff's condition had not deteriorated by the date of hearing finds no support in Moss's assessments.

Second, defendant argues that the ALJ adequately summarized and considered plaintiff's subsequent treatment for low back pain, which treatment took place between September 2011 and January 2013, thereby resuming after a two-year gap following treatment provided by Moss. (See id. at 280 (noting plaintiff "established care" September 9, 2011)). The ALJ noted that during this period of reestablished medical treatment, while plaintiff persisted in her complaints of low back pain, "her examination results generally remained unchanged, and [] her medication regimen was not altered significantly." (DE 12 at 21). This explanation fails to support the ALJ's conclusion that no supplementation to the record was necessary where the ALJ did not address the significance plaintiff's reports of increasing pain nor elevation of her prescription regimen to include Neurontin. (See DE 12 at 326, 346); see Monroe, 826 F.3d at 189 (The ALJ "must build an accurate and logical bridge from the evidence to his conclusion."). While further development of the record might reveal that changes in plaintiff's condition require no conclusion that plaintiff is disabled, it remains

7

defendant's duty to gather all evidence necessary to determine the significance, if any, of changes in plaintiff's symptoms or prescription regimen. See Cook, 783 F.2d at 1173. Here, in place of such evidence, the ALJ merely labeled the foregoing changes as insignificant, while referencing no expert opinion or other evidence supporting that conclusion. (See DE 12 at 21).

Third, defendant argues that the ALJ was correct to treat plaintiff's failure to obtain medical treatment between March 12, 2009 and September 9, 2011 as undermining credibility of plaintiff's allegations of increasing pain. In support of this conclusion, the ALJ noted that plaintiff began to receive treatment at Rural Health Clinic – a reduced or no cost clinic. (See id.). From this observation, the ALJ concluded that, because Rural Health Clinic is a reduced or no cost clinic, any gap in plaintiff's treatment must have been voluntary, entailing that plaintiff's pain was not as severe as claimed and that any absence of more recent medical evaluation of plaintiff's condition was also plaintiff's design. (See id. ("The claimant's overall credibility is weakened by the lack of more recent medical evidence to support the degree of limitation alleged. The undersigned has taken into full consideration the claimant's statements regarding her lack of health insurance and financial resources. Nevertheless, the clinic the claimant was visiting for treatment provides patients with free and/or reduced cost care.").

Each conclusion is problematic. First, the ALJ made no finding about whether affordable treatment was available to plaintiff between 2009 and 2011, the years during which plaintiff received no treatment. Therefore, the ALJ's conclusion that plaintiff's pain did not increase during this time is not supported by substantial evidence. See Richardson, 402 U.S. at 401. Second, the ALJ failed to explain why plaintiff's failure to obtain treatment between 2009 and 2011 constitutes evidence that plaintiff was not in pain from 2012 to 2014, during which time plaintiff was receiving treatment

8

to manage pain, although she allegedly was unable to afford her prescriptions. See Monroe, 826 F.3d at 189. Third, the ALJ's finding that plaintiff could have obtained more recent medical evaluation at affordable cost is not supported by substantial evidence where nothing in the record discloses whether Rural Health Clinic, in fact, provides the missing medical evaluation services that prompted the ALJ to discount plaintiff's credibility. Thus, the ALJ's decision to discount plaintiff's credibility on this basis was not supported by substantial evidence. See Richardson, 402 U.S. at 401.

Finally, defendant argues that the ALJ considered evidence that plaintiff was taking only over-the-counter pain medications at the time of hearing June 16, 2014, and was able to perform some housework and plant a garden. On the basis of these findings, the ALJ's concluded that no supplementation to the record was necessary to ascertain plaintiff's neurological condition. However, the ALJ failed to address plaintiff's explanation for taking only over-the-counter medication, which was that she could not afford her prescriptions. (DE 12 at 39 ("I needed [prescribed medication], but I just didn't have the money to buy them. And there was nothing more she could do – ")). As set forth above, the ALJ found that Rural Health Clinic provides low-cost and/or free care; however, the ALJ made no finding, and the record supports none, that medicines prescribed to plaintiff were, in fact, free or offered at a price plaintiff could afford. Therefore, the ALJ's decision to discount plaintiff's credibility on the basis of her use of over-the-counter pain medication was not supported by substantial evidence. See Richardson, 402 U.S. at 401.

Further, the ALJ made no finding that ability to plant a garden and perform some housework is inconsistent with neurological deterioration. Therefore, where, absent this premise, it is not possible to conclude from plaintiff's engagement in the foregoing activities that plaintiff's neurological condition remained stable, the ALJ's conclusion to this effect is inadequately

9

explained. See Monroe, 826 F.3d at 190. Moreover, where the ALJ's conclusion that no supplementation to the record was necessary rests upon the ALJ's credibility determination, inadequacies in the latter determination invalidate the former conclusion. See id.

In sum, the ALJ's determination that no supplementation to the record was necessary to ascertain plaintiff's neurological condition rests upon an extrapolation of the opinion of Moss and a credibility determination unfavorable to plaintiff, which are unsupported by substantial evidence and inadequately explained. Thus, where the foregoing evidence fails to establish plaintiff's neurological condition as of the dates of alleged disability, the case is remanded so that defendant may reconsider its determination regarding plaintiff's neurological condition or gather additional evidence pertinent to same. See Cook, 783 F.2d at 1173.

## CONCLUSION

Based on the foregoing, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion (DE 16), DENIES defendant's motion (DE 19), and REMANDS to the defendant for further proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. 405(g).

SO ORDERED, this the 14th day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge